THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO, ERVIN, and JOSEFA VÉLEZ SANTIAGO, Defendants and Appellants.

No. CR-67-7.    Decided December 20, 1967.

608

*Héctor Lugo Bougal* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed an information against Ervin Vélez Santiago for a crime of voluntary manslaughter consisting in that said defendant on August 26, 1964, in Yauco, Puerto Rico, upon a sudden quarrel and heat of passion committed assault and battery with a machete upon Ferdinand Quiñones Vélez, a human being, inflicting upon him wounds which caused his immediate death.

The prosecuting attorney also accused said Ervin Vélez Santiago of the crime of attack to commit murder because on that same date and place, he attacked Pedro Quiñones Santiago with a machete, inflicting upon him a serious wound. He was also accused of violating § 4 of the Weapons Law.

The prosecuting attorney filed another information against Julio Vélez Santiago for the crime of murder in the first degree committed by causing the unlawful death of Ferdinand Quiñones Vélez upon whom he inflicted a wound with a machete on August 26, 1964 in Yauco. He was also accused of a violation of § 4 of the Weapons Law.

An information was filed against Josefa Vélez Santiago for attack to commit murder because acting together with Ervin Vélez Santiago . . . "upon a sudden quarrel and heat

of passion . . . the defendant committed assault and battery upon Pedro Quiñones Santiago, a human being, holding him so that Ervin Vélez Santiago would commit assault and battery upon him with a machete, a deadly weapon, causing serious wounds."

The cases against all these defendants were heard jointly on July 29, 1965, before a jury, with the exception of the violations of the Weapons Law.

The jury unanimously found Ervin Vélez Santiago guilty of voluntary manslaughter and of attack to commit murder, found Julio Vélez Santiago guilty of voluntary manslaughter, and Josefa Vélez Santiago guilty of aggravated assault and battery. The court, on its part, found Ervin and Julio Vélez Santiago guilty of the violation of § 4 of the Weapons Law.

Ervin Vélez Santiago was sentenced to serve from two to five years in the penitentiary for the crime of voluntary manslaughter, from one to three years in the penitentiary for the crime of attack to commit voluntary manslaughter, and to serve one year in jail for the violation of § 4 of the Weapons Law, to be served concurrently. Moreover, the sentences were suspended.

Julio Vélez Santiago was sentenced to serve from four to eight years in the penitentiary for the crime of voluntary manslaughter, and one year in jail for a violation of § 4 of the Weapons Law.

Josefa Vélez Santiago, whose sentence was suspended, was sentenced to one year in jail.

The defendants-appellants set forth as grounds for reversal of the sentences, (1) "that the evidence presented by the People is legally insufficient to establish beyond a reasonable doubt the guilt of defendants"; (2) that the evidence for the prosecution does not connect Ervin Vélez Santiago with the death of Ferdinand Quiñones Vélez, and (3) that the trial court committed error in instructing the jury on the

manner of weighing the defendants' testimonies, contrary to their constitutional right of presumption of innocence.

■ The reversal of the sentences appealed from does not lie. There was enough evidence, which was believed by the jury, tending to show that in front of Ervin Vélez Santiago's house the latter quarreled with Ferdinand Quiñones, and Julio and Josefa Vélez also intervened. While Ferdinand was on the floor face downward, Ervin assaulted him with a machete inflicting upon him an incised mortal wound on the dorsal spinal column. Ferdinand got up and tumbled on the road. Julio took the machete from Ervin, and inflicted upon Ferdinand's chest a wound which cut the lung and the heart. Pedro Quiñones, Ferdinand's father, reached the scene of the crime when Ferdinand was dead. Julio and Josefa threw themselves upon him, hitting him. Ervin hit him with the machete on one of his arms, thus wounding him.

There was no serious conflict in the evidence for the prosecution on the essential facts. There were contradictions between some of the witnesses for the prosecution, but, as the Solicitor General sustains, it is due to the fact that some witnesses saw part of the events, and others saw another part and from different places.

The evidence for the defense was also in conflict with that of the prosecution, but that conflict was settled by the jury against appellants.

■ We have already rejected as erroneous the instruction to the jury that upon weighing the defendant's testimony, it should consider the latter's interest in his own cause. That rule, however, is not available to the appellants herein. *People* v. *Natal Rojas*, 93 P.R.R. 823 (1967) ; *People* v. *Hernández*, 94 P.R.R. 111 (1967), and *People* v. *Páez Meléndez*, judgment of April 21, 1967.

■■ Julio and Ervin Vélez acted together against Ferdinand. Each one inflicted a mortal wound upon him. See

*People* v. *Aponte*, 83 P.R.R. 491, 498, and 499 (1961). They are coauthors of the crime for which they were convicted. Josefa's action also places her in the situation of coauthor of the crime committed against Pedro Quiñones. Ervin as well as Julio Vélez were seen carrying a machete on a public road. This supports their conviction for the violation of the Weapons Law.

The judgments appealed from must be affirmed.

Mr. Justice Belaval did not participate herein.